1  **KATHRYN LEE BOYD, ESQ. (SBN 189496)**
   **lboyd@srbr-law.com**
2  **DARCY R. HARRIS, ESQ. (SBN 200594)**
   **dharris@srbr-law.com**
3  **SHERLI SHAMTOUB, ESQ. (SBN 270022)**
   **sshamtoub@srbr-law.com**
4  **SCHWARCZ, RIMBERG, BOYD & RADER LLP**
   6310 San Vicente Boulevard, Suite 360
5  Los Angeles, California 90048
   Phone: (323) 302-9488
6  Fax: (323) 931-4990

7  Attorneys for Plaintiff RON RAFFAELLI

8
9              **UNITED STATES DISTRICT COURT**

               **CENTRAL DISTRICT OF CALIFORNIA**
10

11 | RON RAFFAELLI, | **Cal. Case No.: CV-12-563-CAS-(PJWx)** |
|---|---|
| | **NOTICE OF MOTION AND** |
| Plaintiff, | **MOTION TO WITHDRAW AS** |
| | **COUNSEL OF RECORD FOR** |
| | **PLAINTIFF RON RAFFAELLI;** |
| vs. | **MEMORANDUM OF POINTS AND** |
| | **AUTHORITIES AND** |
| | **DECLARATION OF KATHRYN** |
| GETTY IMAGES, INC.; GETTY | **LEE BOYD, ESQ. IN SUPPORT** |
| IMAGES (US), INC.; AND DOES 1 | **THEREOF** |
| THROUGH 10, INCLUSIVE | |
| | Date:    February 25, 2013 |
| Defendants. | Time:    10 a.m. |
| | Ctrm.:   5 |
| | Judge:   Hon. Christina A. Snyder |

24  **TO THE HONORABLE COURT, ALL PARTIES AND THEIR**

25  **ATTORNEYS OF RECORD:**

26        **PLEASE TAKE NOTICE** that on February 25, 2013 at 10:00 a.m., or as

27  soon thereafter as the matter may be heard, in Courtroom 5 of the United States

28

- 1 -

SCHWARCZ, RIMBERG,
BOYD & RADER LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL OF RECORD

Raffaelli v. Getty Images, Inc.

District Court for the Central District of California, located at 312 N. Spring St., Los Angeles, California 90012,  the law firm of Schwarcz, Rimberg, Boyd & Rader, LLP ("SRBR") counsel of record for Plaintiff Ron Raffaelli ("Plaintiff") will and hereby does move this Court for an order permitting SRBR to withdraw from representation of Plaintiff in the above-referenced action.

This Motion is based on the grounds that there has been a breakdown in communication between SRBR and Plaintiff such that continued representation is no longer possible.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on January 11, 2013, and was confirmed in writing on January 14, 2013.  *See* Declaration of Kathryn Lee Boyd ("Boyd Decl.") ¶ 3 and Ex. "A." Further, pursuant to L.R. 83-2.9.2.1, on January 16, 2013, SRBR gave written notice to Plaintiff of this application for leave to withdraw.  *See* Boyd Decl., Ex. B.

This Motion is based upon this Notice, the attached Memorandum of Points and Authorities, the accompanying Declaration of Kathryn Lee Boyd, Esq., filed concurrently herewith, the pleadings and other papers on file in this action, and all matters of which the Court may take judicial notice.

Respectfully submitted,

January 18, 2013

**SCHWARCZ, RIMBERG, BOYD & RADER, LLP**

By:  Kathryn Lee Boyd
KATHRYN LEE BOYD
DARCY HARRIS
SHERLI SHAMTOUB

*Attorneys for Plaintiff Ron Raffaelli*

- 2 -

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

The Local Rules of the United States District Court for the Central District of California state that an attorney may not withdraw as counsel except by leave of court.  L.R. 83-2.9.2.1.  As such, the law firm of Schwarcz, Rimberg, Boyd & Rader, LLP ("SRBR"), counsel of record for Plaintiff Ron Raffaelli ("Plaintiff") seeks an order from this Court permitting SRBR to withdraw as counsel of record for Plaintiff.

## II.   GOOD CAUSE EXISTS FOR THIS MOTION TO WITHDRAW

"An attorney may not withdraw as counsel except by leave of court, and the decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *See Beard v. Shuttermart of Cal., Inc.*, No. 07-CV-594-WQH (NLS), 2008 U.S. Dist. LEXIS 10575, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008) (internal quotation marks and citations omitted); *see also* Civil L.R. 83-2.9.2.4 (substitution or relief of an attorney that would cause delay in prosecution of the case to completion will not be allowed unless good cause is shown and the ends of justice require).

In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case.  *Guifu Li v. A Perfect Day Franchise, Inc.*, 2012 U.S. Dist. LEXIS 37760, 6-7 (N.D. Cal. Mar. 20, 2012)

It is well-established that a breakdown in communication between a client and attorney is sufficient cause to permit counsel to withdraw.  *Hershey v. Berkeley*, 2008 U.S. Dist. LEXIS 110402 (C.D. Cal. Oct. 24, 2008).  Under California Rule of Professional Conduct 3-700(C)(1)(d), an attorney may permissively withdrawal from representation of a client when the client's conduct makes it unreasonably

SCHWARCZ, RIMBERG,
BOYD & RADER LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL OF RECORD

Raffaelli v. Getty Images, Inc.

1   difficult for an attorney to carry out his employment. (See *Pearlmutter v.*

2   *Alexander*, 97 Cal.App.3d Supp. 16, 20 (1979) ("Rules of Professional Conduct . . .

3   authorizes a withdrawal where the client's conduct (here the refusal to consummate

4   an agreed-upon settlement) renders it unreasonably difficult to for the attorney to

5   carry out his employment effectively.").

6       Here, as set forth in the accompanying declaration of Kathryn Lee Boyd, and

7   without compromising the attorney-client privilege, sufficient grounds exist to

8   relieve SRBR as counsel of record in the instant matter.

9       As disclosed in the Rule 26(f) Joint Report of Counsel, the parties agreed to

10  engage in, and have engaged in, informal settlement discussions. *See* Dkt No. 16.

11  On September 17, 2012, the parties conducted a confidential settlement meeting

12  with both parties and their counsel present ("Settlement Meeting"). *See* Boyd Decl.

13  ¶ 7.  At the Settlement Meeting, the parties signed a "Short Form Settlement

14  Agreement." *See* Boyd Decl. ¶ 7.  Subsequently, and over a period of time, as

15  negotiations between counsel continued, a severe breakdown in communication

16  between SRBR and Plaintiff developed. *See* Boyd Decl. ¶¶ 6, 8-11.  In fact, the

17  attorneys have had no direct communication with the client since November 2012.

18  *See* Boyd Decl. ¶ 11. As a result of the severe breakdown in communication SRBR

19  is unable to determine whether it has authority to take any further action. *See* Boyd

20  Decl. ¶ 11.   For this, and other reasons which SRBR can only disclose *in camera*

21  SRBR is unable to represent Plaintiff in this matter. *See* Boyd Decl. ¶ 11.  Should

22  the Court require further detail in this regard, an *in-camera* hearing is respectfully

23  requested.

24  **III.   NO PREJUDICE WILL RESULT FROM GRANTING THIS MOTION**

25  **TO WITHDRAW**

26      SRBR's withdrawal will not prejudice Plaintiff or Defendants Getty Images,

27  Inc. and Getty Images (U.S.), Inc. (collectively "Defendants") as the parties have

28  been cooperative and engaged in settlement negotiations since September 2012.

**NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL OF RECORD**

1  *See* Boyd Decl. ¶ 14.

2  　　　As discussed above, the parties agreed to engage in settlement discussions in

3  lieu of discovery.  *See* Dkt No. 16.  At the September 17, 2012 Settlement Meeting,

4  the parties signed a "Short Form Settlement Agreement."  *See* Boyd Decl. ¶ 7.

5  Subsequently, the parties agreed to forego initial disclosures and did not engage in

6  any discovery in this matter as further negotiations continued.  *See* Boyd Decl. ¶ 7.

7  In light of the success of the settlement discussions, the parties have been

8  cooperative about deadlines, thus far.  *See* Boyd Decl. ¶ 14.  Due to the dearth of

9  communication with the client rendering SRBR without authority to act on behalf

10  of the client, there is little to no risk that SRBR's withdrawal as counsel will have

11  any effect on settlement negotiations or deadlines in this matter.  *See* Boyd Decl. ¶

12  14.

13  　　　Accordingly, any delay, harm to the administration of justice or prejudice to

14  the parties is *de minimis*, at best.  On the other hand, enormous prejudice will result

15  to SRBR if it is not permitted to withdraw at this time.  *See* Boyd Decl. ¶ 15.

16  **IV.**  **SRBR HAS GIVEN PLAINTIFF AND DEFENDANTS NOTICE**

17  **OF ITS INTENT TO WITHDRAW**

18  　　　Local Rule 83-2.9.2.1 requires an attorney moving to withdraw from

19  representation to make an application for leave to withdraw upon written notice

20  given reasonably in advance to the client and all other parties to the action.  On

21  January 16, 2013, Sherli Shamtoub of SRBR sent written correspondence via email

22  and U.S. Mail to Plaintiff notifying him that SRBR would be filing this Motion. *See*

23  Boyd Decl. Ex. B.  On January 18, 2013 a copy of this Motion was sent to Plaintiff

24  via overnight delivery.  *See* Boyd Decl. ¶ 5.  Further, Kathryn Lee Boyd of SRBR

25  informed Defendants' counsel of the filing of this motion on January 11, 2013 and

26  a confirming email was sent to Defendants on January 14, 2013. *See* Boyd Decl.,

27  Ex. A.  Defendants were further served with written notice of this Motion on

28  January 18, 2013 via electronic service, as set forth in the e-filing rules and

SCHWARCZ, RIMBERG, BOYD & RADER LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

**NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL OF RECORD**

1    procedures.

2          Thus, SRBR has provided proper notice to its clients and to all other parties

3    of its intention to withdraw as counsel.

4    **V.    CONCLUSION**

5          Because neither Defendants nor Plaintiff will be prejudiced by the

6    withdrawal and SRBR has followed the procedures required to withdraw at this

7    time, SRBR respectfully requests that the Court grant this motion to withdraw as

8    counsel of record for Plaintiff.

9

10                                    Respectfully submitted,

11

12

13                                    **SCHWARCZ, RIMBERG, BOYD &**
     January 18, 2013                 **RADER, LLP**
14

15

16                                    By:   Kathryn Lee Boyd
                                           KATHRYN LEE BOYD
17                                         DARCY HARRIS
                                           SHERLI SHAMTOUB
18
                                           *Attorneys for Plaintiff Ron Raffaelli*
19

20

21

22

23

24

25

26

27

28

SCHWARCZ, RIMBERG,
BOYD & RADER LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

**NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL OF RECORD**

Raffaelli v. Getty Images, Inc.

## <u>DECLARATION OF KATHRYN LEE BOYD</u>

I, KATHRYN LEE BOYD, declare:

1.      I am a partner at the law firm of Schwarcz, Rimberg, Boyd & Rader LLP ("SRBR") and attorney of record for Plaintiff Ron Raffaelli ("Plaintiff") in the above matter.  I have personal knowledge of the facts stated herein, and if called as a witness I could and would competently testify thereto.

2.      I make this declaration in support of SRBR's Motion to Withdraw as Counsel of Record for Plaintiff ("Motion").

3.      Pursuant to L.R. 7-3 of the Local Rules of this Court, on January 11, 2013, I contacted Karen Henry of Davis Wright Tremaine, LLP, counsel for Defendants Getty Images, Inc. and Getty Images (U.S.), Inc. (collectively "Defendants") by telephone, in an attempt to meet and confer regarding the subject matter of this Motion.  Thereafter, on Monday January 14, 2013 I instructed my associate, Sherli Shamtoub, to send an email correspondence to Ms. Henry advising her that SRBR would be filing this Motion. A true and correct copy of the January 14, 2012 email, to which I was cc'd, is attached hereto as Exhibit "A."

4.      Further, pursuant to L.R. 83-2.9.2.1 of the Local Rules of this Court, on January 16, 2013, I instructed Ms. Shamtoub to send written correspondence from our firm via email and, on January 17, 2013, U.S. Mail to Plaintiff notifying him that SRBR would be filing this Motion.   A true and correct copy the email and letter is attached hereto as Exhibit "B."

5.      On January 18, 2013, I caused a copy of this Motion to be sent via overnight delivery to Plaintiff.

6.      Without compromising the attorney-client privilege, sufficient grounds exist to relieve SRBR as counsel of record in the instant matter.  Specifically, there has been an irreparable breakdown in communication between Plaintiff and my office such that representation is no longer possible.

7.      As disclosed in the Rule 26(f) Joint Report of Counsel, the parties agreed to engage in informal settlement discussions in lieu of discovery.  *See* Dkt. No. 16.  On September 17, 2012, the parties conducted a confidential settlement meeting with both parties and their counsel present ("Settlement Meeting").  At the September 17, 2012 Settlement Meeting, the parties signed a "Short Form Settlement Agreement."  Subsequently, the parties agreed to forego initial disclosures and did not engage in any discovery in this matter as further negotiations continued.

8.      On or about mid to late October 2012, the relationship between SRBR and Plaintiff deteriorated, and there was a severe breakdown of communication. Thus, SRBR informed Plaintiff that it would be required to withdraw as counsel based on the breakdown of communications.

9.      As of on or about November 5, 2012, SRBR solely communicated with Plaintiff through its newly retained counsel, Stone Rosenblatt Cha.  SRBR agreed to continue as counsel of record in this matter and not immediately file a motion to withdraw based on the understanding that counsel at Stone Rosenblatt Cha would serve as the intermediary between SRBR and Plaintiff.

10.      On or about January 11, 2013, SRBR learned that Stone Rosenblatt Cha has dissolved and no longer represents Plaintiff.

11.      The last direct communication SRBR had with Plaintiff was November 5, 2012.  As a result of the breakdown in communication SRBR is unable to determine whether it has authority to take any further action. For this, and other reasons which SRBR can only disclose *in camera* SRBR is unable to represent Plaintiff in this matter.

12.      Should the Court require further inquiry into the matter, it is respectfully requested that an *in camera* proceeding be held.

13.      SRBR's withdrawal will not prejudice Plaintiff or Defendants as the parties have been engaged in settlement negotiations since September 2012.

**NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL OF RECORD**

14.     In light of the success of the settlement discussions, the parties have been cooperative about deadlines, thus far.  However, due to the dearth of communication with the client rendering SRBR without authority to act on behalf of the client, there is little to no risk that SRBR's withdrawal as counsel will have any effect on settlement negotiations or deadlines in this matter.

15.     Accordingly, any delay, harm to the administration of justice or prejudice to the parties is *de minimis*, at best.  On the other hand, enormous prejudice will result to SRBR if it is not permitted to withdraw at this time, as its attempts to communicate with the client, both through emails and letters have failed.

16.     Although attempts were made by letter, and email, SRBR was unable to procure a substitution of attorneys from Plaintiff prior to bringing the instant motion.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 18th day of January, 2013, at Los Angeles, California.

/s/ Kathryn Lee Boyd
KATHRYN LEE BOYD

SCHWARCZ, RIMBERG, BOYD & RADER LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

Raffaelli v. Getty Images, Inc.

**NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL OF RECORD**