DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST.
SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
TELEPHONE (213) 633-6800
FAX (213) 633-6899

KELLI L. SAGER (State Bar No. 120162)
    kellisager@dwt.com
KAREN A. HENRY (State Bar No. 229707)
    karenhenry@dwt.com
DAN LAIDMAN (State Bar No. 274482)
    danlaidman@dwt.com

**NOTE CHANGES MADE BY THE COURT**

Attorneys for Defendants
GETTY IMAGES, INC. and GETTY IMAGES (US), INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

RON RAFFAELLI,

        Plaintiff,

  vs.

GETTY IMAGES, INC.; GETTY IMAGES (US), INC.; AND DOES 1 THROUGH 10, INCLUSIVE,

        Defendants.

Case No. **CV12-0563-BRO (PJWx)**

[PROPOSED] STIPULATION PROTECTIVE ORDER

Action Filed: January 20, 2012

*See Ct's changes at page 8*

*PJW*

    Plaintiff **RON RAFFAELLI** (through Cheryl Watkins, the holder of his Power of Attorney), on the one hand, and defendants **GETTY IMAGES, INC.** and **GETTY IMAGES (US), INC.** (collectively "Getty Images") (through its counsel of record), on the other hand, hereby stipulate to entry of this Stipulated Protective Order ("Order") regarding the treatment of confidential information.

## 1. PURPOSES AND LIMITATIONS

The parties acknowledge that disclosure and discovery activity in this litigation may include production of confidential, proprietary, trade secret or otherwise private information for which special protection from public dissemination or disclosure (and from use for any purpose other than prosecuting and defending this matter) is merited. Thus, this Order is warranted and required to prevent and/or limit disclosure of such information and/or documents that may be exchanged and/or produced in this case. The parties further acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, and that the protection it affords extends only to the limited information or items that are entitled to treatment as "Confidential" as those designations are defined below.

## 2. DEFINITIONS

Except as otherwise expressly defined in this Order, the following definitions shall apply:

**2.1** <u>Disclosure or Discovery Material</u>. All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures, responses to discovery, or other requests for documentation in this matter.

**2.2** <u>"Confidential"</u>. Information (regardless of how generated, stored or maintained) or tangible things that constitute private records, trade secrets, or other confidential material, research, development, commercial, or protected information.

**2.3** <u>Receiving Party</u>. A party that receives Disclosure or Discovery Material from a Producing Party.

**2.4** <u>Producing Party</u>. A party or third party that produces Disclosure or Discovery Material in this case.

**2.5** <u>Designating Party</u>. A Party that designates information or items that it produces in disclosures or in responses to discovery or otherwise as "Confidential."

STIPULATED PROTECTIVE ORDER
DWT 23140169v1 0053349-000098

1

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

2.6 <u>Protected Material</u>. Any Disclosure or Discovery Material that is designated as "Confidential."

3. **SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in this litigation or in other settings that might reveal Protected Material. Nothing in the Order shall be construed as requiring disclosure of documents, information, or any other materials that are privileged in nature, or subject to the attorney-client privilege, the attorney work-product doctrine, or the joint-defense/common-interest privilege, and/or documents, information or other materials that are, or may be claimed to be, otherwise beyond the scope of permissible discovery. Each party shall produce unredacted documents, except to the extent such documents contain information protected on the grounds of privilege or third party privacy or as otherwise required by law. Additional documents that are requested and produced will, in instances where there is a redaction on the grounds of privilege or privacy, be subject to appropriate challenge.

**All Disclosure or Discovery Material shall be used by the Receiving Party solely for the purpose of this case.** This restriction does not apply to documents and information that is publicly available. The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial.

4. **DURATION**

This order shall apply from the time it is entered, and shall survive the termination of this litigation. Further, within sixty (60) court days from the conclusion of this matter, the parties agree to "meet and confer" in good faith to ensure that Protected Material does not become part of the public record, and to ensure that Protected Material is not impermissibly disclosed to third parties.

STIPULATED PROTECTIVE ORDER
DWT 23140169v1 0053349-000098

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## 5. DESIGNATING PROTECTED MATERIAL

**5.1    Designating Documents or Things.**  Any Producing Party may designate as "Confidential" (by stamping the relevant page or as otherwise set forth below) any Disclosure or Discovery Material that the Producing Party considers in good faith to contain information involving trade secrets, confidential business, financial, or proprietary information, or private information subject to protection under California, federal or other applicable law.  Where a document or response consists of more than one page, the first page and each page on which such "Confidential" information appears shall be so designated.  The failure to mark a document or thing in accordance with this Order shall not preclude any Producing Party desiring to designate the document or thing thereafter from marking the document or thing and requesting, in writing, the Receiving Party to so mark and treat the document or thing in accordance with this Order.  Thereafter, the document or thing shall be fully subject to this Order, but the Receiving Party shall have no liability for any disclosures made prior to such designation.

**5.2    Designating Information.**  A Producing Party may designate information disclosed during a deposition or in response to written discovery as "Confidential" by so indicating in the responses or on the record at the deposition and requesting the preparation of a separate transcript of such material.  Additionally, a Producing Party may designate in writing, within ten (10) business days after receipt of discovery responses or of a deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as "Confidential" information.  Any other party may object to such designation, in writing or on the record.  If an objection is made, the parties shall follow the procedures described in Paragraph 5.4 below.  After any designation is made according to the procedure set forth in this Paragraph, the Protected Material shall be treated according to the designation until the matter is resolved under the procedures described in Paragraph 5.4 below, and the parties shall be responsible for marking all previously unmarked

STIPULATED PROTECTIVE ORDER
DWT 23140169v1 0053349-000098

3

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

copies of the Protected Material in their possession or control with the specified designation.

The parties' treatment of designated documents or information in conformity with the indicated designation shall not be an admission or agreement by any party that the designated information, in fact or in law, constitutes or contains any proprietary and/or confidential information of any other party. The designation of documents as "Confidential" shall not affect any party's burden of proof imposed by relevant substantive law.

**5.3** <u>Inadvertent Production or Failure to Designate</u>. An inadvertent failure to designate qualified information or items as "Confidential" does not waive a party's right to secure protection under this Order for such material. If material is designated as "Confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. Additionally, the parties recognize the possibility of inadvertent production of materials to which a party may make a claim of privilege or of protection from discovery as trial preparation material. The inadvertent production of such material shall not operate as a waiver of that privilege or protection and shall not operate as any subject matter waiver of that privilege or protection. The Receiving Party, on timely notification of the inadvertent production, must make reasonable efforts to assure that the material is returned to the Producing Party.

**5.4** <u>Challenging Other Party's Designation</u>. A party shall not be obligated to challenge the propriety of any "Confidential" designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto or constitute an admission that such designation was proper. If a party contends that any material is not entitled to "Confidential" treatment, such party may give written notice to the Designating Party. Any objection to a designation shall be made within ten (10) calendar days of learning the facts giving rise to the objection. The parties shall first

STIPULATED PROTECTIVE ORDER
DWT 23140169v1 0053349-000098

4

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved within five (5) calendar days of the written notice described above, the Designating Party shall have fourteen (14) calendar days from the receipt of such written notice to apply to the Court for an order confirming the material should retain its designation as "Confidential." The material shall be treated as "Confidential" until that motion is decided by the Court.

Notwithstanding any challenge to the designation of information as "Confidential," all documents shall be treated as such and shall be subject to the provisions of this Order unless and until one of the following occurs:

(a) the Designating Party withdraws such designation in writing; or

(b) the Court rules that the information should not be designated as "Confidential" under this Order.

## 6. DISCLOSURE OF PROTECTED MATERIAL

**6.1** <u>Basic Principles</u>. A Receiving Party may only use Protected Material that is disclosed or produced by another party in connection with this case for prosecuting and defending this litigation. Such Protected Material may be disclosed only to the Court and to the categories of persons described in this Order who are permitted access to such Protected Material. No other persons shall be provided with the Protected Material. When the litigation has been concluded, a Receiving Party shall comply with the provisions of Paragraph 4.

**6.2** <u>"Confidential" Information May Be Disclosed Only to the Following Persons</u>:

Except with the prior written consent of the other parties, or upon prior order of this Court obtained upon notice to opposing counsel, any persons receiving information designated "Confidential" shall not reveal or discuss such information with any person other than the following:

(a) counsel for the respective parties to this litigation, including in-house counsel, co-counsel, and the holder of a party's Power of Attorney;

STIPULATED PROTECTIVE ORDER
DWT 23140169v1 0053349-000098

5

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

    (b)    employees of such counsel deemed necessary by counsel for the prosecution or defense of this litigation;

    (c)    plaintiff, defendant, and any officer or employee of plaintiff or defendant, to the extent deemed necessary by counsel for the prosecution or defense of this litigation;

    (d)    consultants or expert witnesses retained for the prosecution or defense of this litigation, including without limitation non-technical jury or trial consulting services retained by counsel for a party, and graphics or design services retained by counsel for a party for the purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action, provided that each such person or service shall execute a copy of the Certification attached to this Order before being shown or given any information designated "Confidential." Copies of all Certifications shall be retained by counsel for the party so disclosing the information designated "Confidential" and made available for inspection by opposing counsel during the pendency or after the termination of the action, upon order of the Court for good cause shown;

    (e)    any authors or original recipients, if any, of the information designated "Confidential";

    (f)    the Court, Court personnel, and court reporters; and

    (g)    witnesses. A witness shall sign the Certification before being shown a document designated as "Confidential." Information designated "Confidential" may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the information is represented or has been given notice that information produced by the party may be used. Witnesses affiliated with a party to this action and nonparty witnesses appearing for deposition pursuant to a subpoena shall be notified of and given a copy of this Stipulation and Order and shall be bound by its terms. At the request of any party, the portion of the deposition transcript involving such information shall be

STIPULATED PROTECTIVE ORDER
DWT 23140169v1 0053349-000098

6

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

designated "Confidential" pursuant to Paragraph 5.2 above. Witnesses shown information designated "Confidential" shall not be allowed to retain copies.

6.3     Presentation Of Protected Material To Court.

If any party desires to submit Protected Material to the Court for any purpose, that party will comply with Local Rule 79-5 of the United States District Court of the Central District of California and General Order 62.

7.     **MISCELLANEOUS**

7.1     Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. Each party expressly acknowledges that such modifications may be necessary. Further, each party expressly acknowledges that written modifications to this Order approved by the parties may be necessary as the case goes forward.

7.2     No Waiver. Nothing in this Order shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

7.3     Third-Party Subpoenas. Any party receiving a subpoena duces tecum or other lawful process or order of any court, administrative body, tribunal or other public authority requiring the production and disclosure of Protected Material, shall notify the designating party in writing of receipt of the process or order within five (5) business days of the receipt thereof, and shall not produce the information until the designating party has had reasonable time to object or take other appropriate steps to protect the information.

7.4     Execution in Counterparts. This stipulation may be executed in counterparts, all of which taken together shall constitute one and the same instrument.

7.5     Binding Agreement. The parties and their counsel of record agree to be bound by all the confidentiality provisions set forth in this Stipulation once the

STIPULATED PROTECTIVE ORDER
DWT 23140169v1 0053349-000098

7

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Stipulation is fully executed by the parties, even if the Court does not enter this Order.

**IT IS SO STIPULATED.**

DATED: February 18, 2014      THE LINDE LAW FIRM

                                        /s/ Douglas A. Linde
                                        Douglas A. Linde

                              Attorney for Plaintiff Ron Raffaelli


DATED: February 18, 2014      DAVIS WRIGHT TREMAINE LLP
                              KELLI L. SAGER
                              KAREN A. HENRY
                              DAN LAIDMAN


                                        /s/Karen A. Henry
                                        Karen A. Henry

                              Attorney for Defendants
                              GETTY IMAGES, INC. and GETTY IMAGES (US), INC.


**GOOD CAUSE APPEARING THEREFORE, IT IS SO ORDERED.**

DATED: 2/20/14

                                        /s/ Patrick J. Walsh
                                        Hon. Patrick J. Walsh
                                        United States Magistrate Judge

This Order does not authorize the parties to file documents under seal. Any party wanting to file documents under seal must request permission to do so pursuant to L.R. 79-5.

STIPULATED PROTECTIVE ORDER
DWT 23140169v1 0063349-000098

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899